# Exhibit 1


**2316-CV04073 - MICHAEL GRAHAM V KANSAS CITY AREA TRANSPORTATION A (E-CASE)**

| Case FV—dge View | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: [All Entries ▾]

---

02/16/2023 ☐ **Case Mgmt Conf Scheduled**
          Scheduled For: 06/21/2023;  8:30 AM ;  MARCO A ROLDAN;  Jackson - Independence

02/14/2023 ☐ **Filing Info Sheet eFiling**
          **Filed By:** EDWARD EMMETT KEENAN

          ☐ **Note to Clerk eFiling**
          **Filed By:** EDWARD EMMETT KEENAN

          ☐ **Pet Filed in Circuit Ct**
          Petition; Ex 1 - Notice of Consent to Join.
          **Filed By:** EDWARD EMMETT KEENAN
          **On Behalf Of:** MICHAEL GRAHAM

02/14/2023 ☐ **Judge Assigned**

---

Case.net Version 5.14.62                    Return to Top of Page                    Released 02/03/2023

Electronically Filed - Jackson - Independence - February 14, 2023 - 11:53 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| MICHAEL GRAHAM, | ) |
| | ) |
| c/o Keenan & Bhatia, LLC | ) |
| 4600 Madison Ave., Ste. 810 | ) |
| Kansas City, MO  64112 | ) |
| | ) Case No. _____ |
| *Plaintiff*, | ) |
| | ) Division _____ |
| *v.* | ) |
| | ) Type: TJ (Employment Discr.) |
| KANSAS CITY AREA | ) |
| TRANSPORTATION AUTHORITY | ) JURY TRIAL DEMANDED |
| | ) |
| *Serve:* | ) |
| Person in Charge | ) |
| 1200 E 18th St. | ) |
| Kansas City, MO 64108 | ) |
| | ) |
| | ) |

**PETITION**

Plaintiff Michael Graham, by and through counsel, states the following, on personal knowledge as to his own acts and observations, and on information and belief following reasonable investigation as to all other matters.

**PARTIES**

1. Plaintiff Michael Graham resides in Missouri and is a citizen of Missouri. He formerly worked for Defendant Kansas City Area Transportation Authority ("KCATA").

2. KCATA is sometimes referred to as "RideKC Connection" or "RideKC" and it is an entity with a principal place of business at 1200 E. 18th Street, Kansas City, Missouri, 64108. KCATA is a citizen of Missouri. KCATA is an employer within the meaning of the statutes at issue here. KCATA employed Graham until it abruptly terminated him.

## JURISDICTION & VENUE

3. Mr. Graham was previously employed by KCATA. He was an employee, and Defendant was an employer, within the meaning of the relevant laws at issue here.

4. This Court has subject matter jurisdiction, as this is a civil case.

5. This Court has personal jurisdiction as the relevant events occurred in Missouri.

6. Venue is proper as the relevant events occurred in Jackson County.

## FACTS

7. Mr. Graham worked as Senior Vice President and Chief Financial Officer ("CFO") of KCATA.

8. Mr. Graham began working for KCATA in 1991.

9. For several years prior to his departure, KCATA was operating with a structural financial imbalance.

10.     This financial imbalance was caused by a number of factors, including but not limited to KCATA starting a new branding campaign called RideKC and because KCATA primarily operated with the revenues derived from sales tax.   This left KCATA without sufficient revenue to cover its expenses.

11.     Mr. Graham worked closely with Deputy Chief Executive Officer ("CEO") and the Chief Operating Officer Jameson Auten and President and Chief Executive Officer Robbie Makinen.

12.     In the years that Mr. Graham worked for KCATA, he noticed that Mr. Auten and Mr. Makinen were liberally spending funds in KCATA's capital set-aside account.   Upon information and belief, Mr. Makinen depleted the reserves in the capital account from approximately $30 million to $6 million.

13.     Over the years, the general public and the City of Kansas City made inquiries to KCATA about the source of their funding, and where sources of KCATA's funding came from.

14.     Mr. Graham once had the same question:  he asked Mr. Makinen about KCATA's finances, and Mr. Makinen responded by saying "take a dull pencil and stab yourself in the eye."   KCATA's money problems only grew worse.

15.     In 2018 or 2019, the Kansas City, Missouri's, City Council began questioning KCATA's sources of funding.  Mr. Makinen then told Mr. Graham

to use more "federal funds" that were "typically used for capital projects" to "hide the imbalances" of the projects the sales tax were being used for.

16.     In early 2022, Mr. Graham vocalized the irregularities in KCATA's handling of its budget and his discomfort with this approach. He told Mr. Auten and Mr. Makinen that KCATA was having significant financial problems and that their spending habits were unsustainable.

17.     Mr. Graham also informed Mr. Auten and Mr. Makinen that KCATA's 2022 operating budget was flawed. He told them KCATA "needed to find another source of funding beyond the sales tax or we are going to have serious budget problems."

18.     Mr. Makinen told Mr. Graham to change the budget forecast to hide the imbalances and make it look rosier than it was; Mr. Graham refused to hide the budgetary imbalances.

19.     On May 3, 2022, Mr. Graham and Mr. Auten met. Mr. Auten stated that he agreed that Mr. Graham's five-year forecast was correct. However, Mr. Auten also said that he believed Mr. Makinen would make staff changes soon.

20.     On May 6, 2022, Mr. Graham heard that Mr. Makinen was telling others that Mr. Graham was a "liability" and "needed to go" because of his financial forecasting.

21.     On May 10, 2022, Terri Barr, KCATA's Senior Director of Governmental Affairs, told a former KCATA employee that some top KCATA employees would be leaving.

22.     That same day - May 10, 2022 - Mr. Auten failed to show up at his scheduled biweekly meeting with Mr. Graham.

23.     The next day, May 11, 2022, Mr. Makinen and Mr. Jarrold went to a KCMO City Government meeting without Mr. Graham and announced that staff changes were coming.  During this meeting, Mr. Jarrold admitted that there was a structural imbalance in KCATA's funds.

24.     Mr. Auten set a meeting with Mr. Graham for Noon the following day, then fails to show up for the meeting, and reschedules it for 2:30 pm.

25.     On May 12, 2022, around 2:30 pm, Mr. Auten convened the meeting and abruptly asked Mr. Graham for an exit plan from KCATA.  Mr. Auten stated that this was because KCATA was receiving pushback from City Government and other regulatory/funding authorities referring to its use of funds.

26.     On May 16, 2022, Mr. Graham sent an email expressing his belief that KCATA was engaged in age discrimination and unlawful retaliation because KCATA had recently began laying off its older employees and claimed these layoffs were related to a "reduction in force" or "RIF."

Electronically Filed - Jackson - Independence - February 14, 2023 - 11:53 PM

27.     After sending his May 16, 2022 email voicing his concerns about KCATA's age discrimination, KCATA immediately placed Mr. Graham on a leave of absence.

28.     KCATA did not treat its younger employees the same way it treated Mr. Graham.     Mr. Graham was not treated as well as similarly-situated younger coworkers; the demographics of KCATA's reduction in force strongly point towards older workers being the target of the RIF; and Mr. Graham was ultimately replaced by a significantly younger person, who on information and belief is around age 50.

29.     Mr. Graham filed a charge of discrimination with the Missouri Commission on Human Rights and EEOC dated May 19, 2022 concerning his treatment on the job at KCATA.     Mr. Graham was still employed at that time.

30.     On or about May 31, 2022, Mr. Graham sent another email to KCATA management expressing his concern about discrimination.  It reads:

Dear Management Team,

On Monday, May 16, 2022, just after I sent an email expressing that I was experiencing discrimination and retaliation, KCATA put me on an involuntary leave.  You disconnected my email and all KCATA network access, and took my computer and keys.

I have not heard when I can return to work.

6

I do not know why KCATA did this, and I can only presume that it's further retaliation because I raised these concerns about illegal discrimination and retaliation. I have spent 30 years providing loyal service to KCATA, and I want to return to work and do my job.

When can I come back?

Sincerely,

Michael Graham

31.    KCATA terminated Mr. Graham's employment on June 21, 2022.

32.    As a result of and in connection with Mr. Graham's filing of charges and his internal reports of discrimination and retaliation, KCATA deprived Mr. Graham of his employment, wages, and employment benefits, including but not limited to retiree medical coverage and sick leave payouts that would have been available to Mr. Graham had he not been wrongfully terminated.

33.    When KCATA terminated Mr. Graham, he was 63 years old.

34.    Defendant has engaged in a pattern and practice of discriminatory and / or retaliatory conduct.

35.     Mr. Graham has suffered damages, including loss of pay and fringe benefits and emotional distress, as a result of Defendant' actions.

36.    Defendant acted with willful or wanton negligence, recklessness, and/or a conscious disregard of the rights of others or conduct so reckless as

to amount to such disregard, in that Defendant allowed bias and stereotypes to affect their actions.

37.   Mr. Graham timely filed his Charge of Discrimination with the EEOC and Missouri Commission on Human Rights, and has received a right-to-sue letter from the EEOC, and later filed a second Charge with the EEOC and MCHR.

38.   Mr. Graham has exhausted his administrative remedies and is now filing this suit within 90 days of his receipt of an initial right-to-sue letter.

39.   Mr. Graham brings this action to stand up against discrimination and unlawful treatment in the workplace, and recover just compensation for Defendant' actions.

Electronically Filed - Jackson - Independence - February 14, 2023 - 11:53 PM

## CLAIMS

### COUNT I
### Violation of the Age Discrimination in Employment Act
### 29 U.S.C. § 621 *et seq.*
### Age Discrimination

40. Mr. Graham incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

41. Mr. Graham was an employee, and KCATA was an employer, within the meaning and coverage of the Age Discrimination in Employment Act (ADEA).

42. Mr. Graham is and was over 40 years old when KCATA terminated him.

43. Mr. Graham was qualified for his position and was performing his position to the reasonable expectations of KCATA.

44. KCATA discriminated against Mr. Graham, including but not limited to shutting him out of the work environment, placing him on a forced leave of absence, and ultimately terminating him.

45. Age was a but-for cause of these actions.

46. The circumstances suggest discrimination: among other things, Mr. Graham was not treated as well as similarly-situated younger coworkers; the demographics of KCATA's reduction in force strongly point

9

towards older workers being the target of this RIF; and Mr. Graham was replaced by a significantly younger person.

47. KCATA has acted willfully, justifying an award of liquidated damages for willfulness, as KCATA knowingly engaged in discrimination.

48. Mr. Graham has given his consent to join this action. *See* Ex. A, Notice of Consent to Join, attached and incorporated as if fully set forth here.

49. Mr. Graham respectfully prays that this Court adjudge Defendant liable for age discrimination in violation of the ADEA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT II
**Violation of the Age Discrimination in Employment Act**
**29 U.S.C. § 621 et seq.**
**Retaliation**

50. Mr. Graham incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

51. Mr. Graham was an employee, and KCATA was an employer, within the meaning and coverage of the Age Discrimination in Employment Act (ADEA).

52. Mr. Graham is and was over 40 years old.

53. Mr. Graham was qualified for his position and was performing his position to the reasonable expectations of KCATA.

54.     KCATA retaliated against Mr. Graham, including shutting him out of the work environment, placing him on a forced leave of absence, and ultimately terminating him.

55.     Retaliation was a but-for cause of these actions.

56.     The circumstances suggest retaliation: among other things, the timing of the actions closely follows protected activity, KCATA has a history of retaliating against others who complain of discrimination or resist illegal conduct, and Mr. Graham was replaced by someone who did not have a history of protected activity in resisting discrimination.

57.     KCATA has acted willfully, justifying an award of liquidated damages for willfulness, as KCATA knowingly engaged in retaliation.

58.     Mr. Graham has given his consent to join this action. *See* <u>Ex. A</u>, Notice of Consent to Join, attached and incorporated as if fully set forth here.

59.     Mr. Graham respectfully prays that this Court adjudge Defendant liable for retaliation in violation of the ADEA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT III
## Violation of the Missouri Human Rights Act
## RSMo CHAPTER 213
## Age Discrimination

60.     Mr. Graham incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

61.     Mr. Graham was an employee, and KCATA was an employer, within the meaning and coverage of the Missouri Human Rights Act.

62.     Mr. Graham is and was over 40 years old.

63.     Mr. Graham was qualified for his position and was performing his position to the reasonable expectations of KCATA.

64.     KCATA discriminated against Mr. Graham, including but not limited to shutting him out of the work environment, placing him on a forced leave of absence, and ultimately terminating him.

65.     Age was the motivating factor in these actions.

66.     The circumstances suggest discrimination: among other things, Mr. Graham was not treated as well as similarly-situated younger coworkers; the demographics of KCATA's reduction in force strongly point towards older workers being the target of the RIF; and Mr. Graham was replaced by a significantly younger person.

67.     KCATA has acted in reckless disregard of Mr. Graham's rights and/or with evil motive, and with intent to violate Mr. Graham's statutory rights, justifying an award of punitive damages.

68.     Mr. Graham respectfully prays that this Court adjudge Defendant liable for age discrimination in violation of the MHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

**<u>COUNT IV</u>**
**Violation of the Missouri Human Rights Act**
**RSMo CHAPTER 213**
**Retaliation**

69.     Mr. Graham incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

70.     Mr. Graham was an employee, and KCATA was an employer, within the meaning and coverage of the Missouri Human Rights Act.

71.     Mr. Graham is and was over 40 years old.

72.     Mr. Graham was qualified for his position and was performing his position to the reasonable expectations of KCATA.

73.     KCATA retaliated against Mr. Graham, including but not limited to shutting him out of the work environment, placing him on a forced leave of absence, and ultimately terminating him.

74.     Retaliation was the motivating factor in these actions.

75.     The circumstances suggest retaliation: among other things, the timing of the actions closely follows protected activity, KCATA has a history of retaliating against others who complain of discrimination or resist illegal conduct, and Mr. Graham was replaced by someone who did not have a history of protected activity in resisting discrimination.

76.     KCATA has acted in reckless disregard of Mr. Graham's rights and/or with evil motive, and with intent to violate Mr. Graham's statutory rights, justifying an award of punitive damages.

77.     Mr. Graham respectfully prays that this Court adjudge Defendant liable for retaliation in violation of the MHRA, and grant all relief allowed under the law, as set forth in the Prayer in this Petition.

## COUNT V
### Violation of 42 U.S.C. § 1983
### Discrimination & Retaliation

78.     Mr. Graham incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

79.     KCATA is a public agency and acted under color of law with respect to Mr. Graham's employment.

80.     KCATA's decisions regarding Mr. Graham were made and implemented by persons with policymaking authority, meaning they are attributable to KCATA for purposes of liability under 42 U.S.C. § 1983.

81.     Mr. Graham has federally-protected rights to be free of age discrimination under the ADEA and the Fourteenth Amendment and to be free of retaliation for opposing KCATA's discriminatory and retaliatory actions under the First and Fourteenth Amendment and the ADEA.

82.     Mr. Graham was qualified for his position and was performing his position to the reasonable expectations of KCATA.

83.     KCATA discriminated and retaliated against Mr. Graham, including but not limited to shutting him out of the work environment, placing him on a forced leave of absence, and ultimately terminating him.

84.     Mr. Graham's age and/or protected activity were but-for, motivating, or other causally sufficient factors in these actions.

85.     The circumstances suggest discrimination and retaliation, as Mr. Graham was not treated as well as similarly-situated younger coworkers, and KCATA and its officials acted upset and took action after Mr. Graham opposed KCATA's treatment of younger employees and when Mr. Graham reported the misuse and mismanagement of KCATA funds.  KCATA also has a history of retaliation against others, and replaced Mr. Graham with a significantly younger person.

86.     Mr. Graham prays this Court find Defendant liable for violation of 42 U.S.C. § 1983, and grant all relief permitted by law, as set forth in the Prayer in this Petition.

## <u>COUNT VI</u>
## Violation of RSMo Chapter 105.055

87.     Mr. Graham incorporates each and every foregoing and succeeding paragraph of this Petition as if fully set forth here.

88.     KCATA is a public employer, and Mr. Graham is a public employee, within the meaning of RSMo 105.055.

89.     Mr. Graham reported and disclosed what was or what he reasonably believed to be a violation of any law, rule or regulation; or mismanagement, a gross waste of funds or abuse of authority, violation of policy, waste of public resources, alteration of technical findings or communication of scientific opinion, breaches of professional ethical canons, or a substantial and specific danger to public health or safety, in that he disclosed that KCATA's financial irregularities, lack of proper accounting of public funds, and failure to treat employees equally.

90.     This act of reporting the misuse of public funds and the financial insecurity of KCATA by Mr. Graham constitutes a disclosure of alleged prohibited activity under RSMo 105.055.

91.     As a result of the reports, Defendant took disciplinary action against Mr. Graham by forcing him out of the work environment, placing him on a forced leave of absence, and ultimately terminating him.

Electronically Filed - Jackson - Independence - February 14, 2023 - 11:53 PM

92. Mr. Graham prays the Court find Defendant liable for a violation of RSMo 105.055 and grant all relief permitted by law, as set forth in the Prayer in this Petition.

### JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

Plaintiff Michael Graham respectfully prays that the Court enter judgment in his favor and against Defendant KCATA, and grant all relief allowed under law, including but not limited to:

A. Actual economic damages, including lost wages and benefits, adjusted for promotional opportunities lost;

B. Actual non-economic damages, including damages for emotional distress;

C. Punitive damages, liquidated damages, and civil penalties;

D. Attorney's fees, expert fees, and costs;

E. Reinstatement, backpay, and/or frontpay;

F. An order that Defendant cease and desist from all discriminatory practices and revise Graham's personnel records to remove all negative references; and

G. Any other and/or further relief permitted by law.

Electronically Filed - Jackson - Independence - February 14, 2023 - 11:53 PM

Dated: February 14, 2023        Respectfully submitted,

KEENAN & BHATIA, LLC

*/s/ Sonal Bhatia, E.E. Keenan, & JR*
*Montgomery*

Sonal Bhatia (Mo. #67519)
Edward (E.E.) Keenan (Mo. #62993)
JR Montgomery (Mo. #68281)
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Tel: (816) 809-2100
sonal@kclaborlaw.com
ee@kclaborlaw.com
jr@kclaborlaw.com

*Attorneys for Plaintiff Michael Graham*

Electronically Filed - Jackson - Independence - February 14, 2023 - 11:53 PM

## NOTICE OF CONSENT TO JOIN

    I, Michael Graham, pursuant to the Age Discrimination in Employment Act (ADEA) and the procedures for its enforcement, *see, e.g.,* 29 U.S.C. §§ 216(b), 626(b), and any other applicable laws, hereby give my consent to join as a party plaintiff in the action styled *Michael Graham v. Kansas City Area Transportation Authority*. I consent to and designate Keenan & Bhatia, LLC, and any attorneys with whom the firm affiliates, to act as my counsel in this action.

Signature

2/14/2023
Date

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**MICHAEL GRAHAM,**

                   **PLAINTIFF(S),**               **CASE NO.  2316-CV04073**

**VS.**                                              **DIVISION 16**

**KANSAS CITY AREA TRANSPORTATION AUTHORITY,**

                   **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **21-JUN-2023** in **DIVISION 16** at **08:30 AM**.   All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ MARCO A ROLDAN
MARCO A ROLDAN**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JAMES ROGER MONTGOMERY, 4801 MAIN STREET STE 1000, KANSAS CITY, MO 64112

SONAL KEENAN BHATIA, 524 WALNUT STREET SUITE 300, KANSAS CITY, MO 64106

EDWARD EMMETT KEENAN, 1301 OAK ST, STE 510, KANSAS CITY, MO 64106

Defendant(s):
KANSAS CITY AREA TRANSPORTATION AUTHORITY

Dated: 16-FEB-2023

BEVERLY A. NEWMAN
Court Administrator